UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ANTWAN ARTIS,

Plaintiff,

v.

CASE NO. 2:22-CV-10537
HON. NANCY G. EDMUNDS

MICHIGAN DEP'T OF CORR., et al.,

Defendants.
________________________________/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

## I. Introduction

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Kenneth Antwan Artis ("Plaintiff"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, raises claims concerning his conditions of confinement in December 2021 and January, 2022. He alleges that he was improperly placed in a housing unit that required him to use stairs while he was missing a four-inch heel shoe and using a wheelchair which resulted in a fall, that he was denied help with a shower chair which resulted in another fall, that he was placed in cell without the ability to access the bathroom and he soiled himself, that he was assaulted by a corrections officer, and that he was denied a meal tray on one occasion. He names the Michigan Department of Corrections ("MDOC"), the State of Michigan, Duane Waters Health Clinic ("Duane Waters"), Corrections Officers K. Gaines, Hobbs, and Adams, Assistant Warden L. Parish, Assistant Deputy Warden J. Malloy, Lieutenant Warren, Sergeant Sanford, and MDOC Director Heidi Washington as the defendants in this action and sues them in their individual and official

capacities. He seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).

## II. Review Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to partial summary dismissal.

## III. Discussion

### A. Claims against the MDOC and Duane Waters

Plaintiff's claims against the MDOC and Duane Waters must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that governmental agencies, such as the MDOC, and prison facilities, such as Duane Waters, are not person or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910,

*1 (6th Cir. Sept. 21, 2016) (ruling that a state prison and its "medical staff" are not subject to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *see also Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law establishing that governmental departments and agencies are not persons or legal entities subject to suit under § 1983). Consequently, Plaintiff's claims against the MDOC and Duane Waters must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

### B. Claims against the State of Michigan, Lt. Warren, Sgt. Sanford, and Director Washington

Plaintiff's claims against the State of Michigan, Lt. Warren, Sgt. Sanford, and MDOC Director Heidi Washington must also be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to the State of Michigan, Lt. Warren, Sgt. Sanford, and Director Washington. He does not allege any facts explaining what those defendants did or did not do to violate his rights. Rather, he merely includes them in the caption to his complaint. Plaintiff also does not allege facts showing that any claimed injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland*

*Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Consequently, Plaintiff's claims against the State of Michigan, Lt. Warren, Sgt. Sanford, and Director Washington must be dismissed for failure to state a claim upon which relief may be granted.[1]

**C. Supervisory Liability Claims**

Plaintiff alleges that certain defendants, e,g, Deputy Warden Parish and Assistant Deputy Warden Malloy, should be liable for the conduct of subordinates or others who are under their supervision. As discussed, a plaintiff allege the personal involvement of a defendant to state a claim under § 1983 and liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell.*, 436 U.S. at 691-92; *Turner*, 412 F.3d at 643. Any assertion that those defendants (or any of the named defendants) failed to supervise an employee, should be vicariously liable for another's conduct, and/or did not properly respond to his grievances or complaints is insufficient to state a civil rights claim. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff's claims against any of the defendants based upon a theory of supervisory liability must therefore be dismissed for failure to state a claim upon which relief may be granted.

---

[1] If one of these defendants, e.g., Lt. Warren or Sgt. Stanford, is involved in the events giving rise to this action, Plaintiff can move to amend his complaint to clarify his claims against them.

**D. Negligence Claims**

Plaintiff alleges that several defendants engaged in negligent conduct. It is well-settled, however, that claims of negligence concerning a prisoner's treatment are not cognizable in a civil rights action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Collins v. City of Harker Hgts.*, 503 U.S. 115, 127–28 (1992) (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under § 1983); *Lewellen v. Metro. Gov't. of Nashville & Davidson Co.*, 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff's claims against the defendants alleging negligence must therefore be dismissed for failure to state a claim upon which relief may be granted.

**E. Denial of Meal Claim**

Plaintiff asserts that Corrections Officer Adams denied him a meal one day while he was on suicide watch, such that he was "forced to eat his own feces." It is well-settled that the unnecessary and wanton infliction of pain upon a prisoner constitutes cruel and unusual punishment under the Eighth Amendment. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). As to conditions of confinement, the Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." *Id*. at 348. A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that he or she is incarcerated under conditions posing a "substantial risk of serious harm." *Id*. Second, the prisoner must allege

"more than ordinary lack of due care" for his or her safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and ... must also draw the inference." *Id*. at 837.

The Constitution, however, "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*.

Plaintiff makes no such allegations as to this claim. The deprivation of a few meals for a limited time, let alone one meal, does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (giving a prisoner one meal per day for 15 days did not violate the Eighth Amendment because the meals contained sufficient nutrition); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (holding that verbal harassment, denial of seven meals over six days, and turning off water to inmate's cell on one occasion did not rise to the level of a constitutional violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not violated the Eighth Amendment where prisoner did not allege that his health suffered). Plaintiff thus

fails to state a claim upon which relief may be granted against Corrections Officer Adams as to this claim.

**F. Eleventh Amendment Immunity**

The defendants, who are all employees of the Michigan Department of Corrections ("MDOC"), are entitled to Eleventh Amendment immunity on Plaintiff's claims against them in their official capacities. The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan and the MDOC, an agency within the Michigan government,

are entitled to Eleventh Amendment immunity. *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). The remaining defendants, who are all employees of the MDOC and thereby the State of Michigan and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity. *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages and non-prospective injunctive relief against the defendants in their official capacities must therefore be dismissed.

**G. Remaining Claims**

Plaintiff's remaining claims concern the failure to properly accommodate his medical needs (which resulted in falls and lack of bathroom access)[2] and an alleged assault/use of excessive force by Officer K. Gaines. Such claims, construed liberally, state potential, plausible claims for relief under § 1983. Consequently, those claims survive the initial screening process and are not subject to dismissal.

## IV. Conclusion

For the reasons stated, the Court concludes that the MDOC and Duane Waters are not entities subject to suit in this action, that Plaintiff fails to state claims against the State of Michigan, Lt. Warren, Sgt. Sanford, and Director Washington, that Plaintiff fails to state a claim upon which relief may be granted as to his claims of supervisory liability, negligence, and the denial of one meal by Corrections Officer Adams. Accordingly, those

---

[2]The Court recognizes that Plaintiff does not clearly identify which defendants are responsible for such actions. The Court will allow the claims to proceed against the remaining defendants subject to clarification by Plaintiff and/or the remaining defendants through an amendment to the complaint or a request for a more definite statement.

defendants and those claims are dismissed from this action.

The Court also concludes that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court dismisses the claims for monetary damages (and any non-prospective injunctive relief) against the defendants in their official capacities.

The Court further concludes that Plaintiff states plausible claims for relief under § 1983 concerning his accommodations and related falls, lack of bathroom access, and assault/excessive force against the remaining defendants which survive the Court's initial screening process. While Plaintiff may or may not prevail on those claims, he states potential claims for relief such that those claims are not subject to summary dismissal.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2022